# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANY ROBLES and PABLO SALGADO,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 18 C 415<br><br>Judge Feinerman |

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

It is hereby stipulated by and between plaintiffs Stephany Robles and Pablo Salgado and defendant United States of America, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation for Compromise, Settlement, and Release (hereinafter referred to as the "Settlement Agreement").

2. The United States of America agrees to pay plaintiffs the sum of $875,000, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property, and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any wrongful death or survivor claims, for which plaintiffs or their guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3. Plaintiffs and their guardians, heirs, executors, administrators, and assigns hereby agree to accept the sums set forth in this Settlement Agreement in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including any wrongful death or survivor claims, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property, and the consequences thereof, that they may have or hereafter acquire against the United States of America, its agents, servants, or employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiffs and their guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiffs or their guardians, heirs, executors, administrators, or assigns against any third party or against the United States, including any wrongful death or survivor claims.

4. This Settlement Agreement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to plaintiffs. This Settlement Agreement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. The parties also agree to dismissal of the above-captioned action with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), with each of the parties to bear its own costs, fees, and

2

expenses, and that any attorney's fees will be paid out of the settlement amount and not in addition thereto.

6. It is also understood by and between the parties that pursuant to 28 U.S.C. § 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 percent of the amount of the compromise settlement.

7. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

8. Plaintiffs stipulate and agree that they are legally responsible for any and all liens or claims for payment or reimbursement. Plaintiffs and their attorney stipulate and agree that plaintiffs, by and through their attorney, will satisfy or resolve any and all liens or claims for payment or reimbursement asserted by any individual or entity before distributing to plaintiffs any portion of the settlement amount paid pursuant to paragraph 2 above. Plaintiffs and their attorney further agree that their attorney will provide to the United States evidence that any such lien or claim has been satisfied or resolved and that the lienholder or claimant has waived and released its lien or claim within 10 days of paying or resolving such lien or claim for payment or reimbursement. The evidence required by the terms of this paragraph may be satisfied by a letter from plaintiffs' attorney representing to counsel for the United States that each such lien or claim has been satisfied or resolved and that each such lienholder or claimant has waived and released its lien or claim.

9. Payment of the settlement amount will be made by government electronic funds transfer as per the following:

[redacted]

3

███████████████████████

Plaintiffs' attorney, Myles Poster, agrees to distribute the settlement proceeds to plaintiffs. Payment of the settlement is subject to there being sufficient funds in the account established by Congress (42 U.S.C. § 233(k)) for payment of settlements and judgments of claims subject to the Federally Supported Health Centers Assistance Act of 1992 and 1995 to pay the settlement in its entirety. 42 U.S.C. §§ 233(g), *et seq*.

10. The parties agree that this Settlement Agreement, including all the terms and conditions and any additional agreements relating thereto, may be made public in their entirety, and plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

11. It is contemplated that this Settlement Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

12. This Settlement Agreement contains the entire agreement between the parties with respect to the subject of this litigation and supersedes all prior negotiations and writings regarding this matter. Any modification of this Settlement Agreement may be made only in a writing signed by or on behalf of all parties.

4

Attorney for United States:

JOHN R. LAUSCH, Jr.
United States Attorney

By: _____
PRASHANT KOLLURI
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9085
prashant.kolluri@usdoj.gov

Executed this 23rd day of July, 2019.

Attorney for Plaintiffs:

_____
MYLES J. POSTER
Wais, Vogelstein, Forman & Offutt, LLC
1829 Reisterstown Road, Suite 425
Baltimore, Maryland 21208
(410) 998-3600
myles@malpracticeteam.com

Executed this 17 day of July, 2019.

Plaintiffs:

_____
STEPHANY ROBLES

Executed this 17 day of July, 2019.

_____
PABLO SALGADO

Executed this 17 day of July, 2019.

5